November 28, 2006

Clerk of Court
U.S. District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801



Re: **Transfer of Jurisdiction of Kawan Dabney**
   **Your case number CR 06-52 JJF**
   **Our case number: 02 CR 1036-01 (ERK)**

Dear Clerk of Court:

   Pursuant to the order of Judge Joseph J. Farnan dated 5/18/06 accepting jurisdiction over the above-named probationer, we are forwarding certified copies of the indictment, judgment, docket sheet, and a certified copy of the transfer of jurisdiction order.

                              Very truly yours,
                              Robert C. Heinemann
                              Clerk of Court

                              By: _____
                              Donna Greene
                              Deputy Clerk

Enclosures

MJSELECT

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:02-cr-01036-ERK-1
# Internal Use Only

Case title: USA v. Dabney
Magistrate judge case number: 1:02-mj-00908

Date Filed: 09/03/2002

Assigned to: Chief Judge Edward R. Korman

### Defendant

**Kawan Dabney** (1)
*TERMINATED: 10/23/2003*

represented by **Stephen R. Mahler**
Mahler, Miller, Harris & Engel, P.C.
Suite 311
125-10 Queens Boulevard
Kew Gardens, NY 11415
646-258-9814
Fax: 718-263-0134
Email: srm120@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

### Pending Counts

21:960(a)(1), 960(b)(2)(B)(ii) and 963;
18:3551 et seq. - IMPORTATION of a substance containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more.
(1)

21:952(a), 960(a)(1) and 960(b)(2)(B)(ii); 18:2 and 3551 et seq. - IMPORTATION of a substance containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more.
(2)

21:841(a)(1) and 841(b)(1)(B)(ii)(II); 18:2 and 3551 et seq. - POSSESSION with intent to distribute a substance

### Disposition

46 months imprisonment; 3 years supervised release; $100 special assessment

A TRUE COPY
ATTEST
DATED 11/28/06 20
ROBERT C. HEINEMANN
BY _____ CLERK
DEPUTY CLERK

Dismissed on government's motion

Dismissed on government's motion

containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more.
(3)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA                             represented by   **Scott B. Klugman**
                                                 United States Attorneys Office
                                                 147 Pierrepont St.
                                                 Brooklyn, NY 11201
                                                 718-254-6461
                                                 Fax: 718-254-6327
                                                 Email: scott.b.klugman@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/21/2002 | 1 | AFFIDAVIT by USA as to Kawan Dabney, John Watson Re: [0-0] issues warrant [ 1:02-m -908 ] (Polanco, Marcie) (Entered: 05/22/2002) |
| 05/22/2002 | | ARREST WARRANT issued as to Kawan Dabney, John Watson [ 1:02-m -908 ] (Polanco, Marcie) (Entered: 05/22/2002) |
| 07/10/2002 | | ARREST of Kawan Dabney [ 1:02-m -908 ] (Frullo, Veronica) (Entered: 07/11/2002) |
| 07/10/2002 | | First Appearance as to Kawan Dabney held [ 1:02-m -908 ] (Frullo, Veronica) (Entered: 07/11/2002) |

| | | |
|---|---|---|
| 07/10/2002 | 2 | Magistrate Arraignment as to Kawan Dabney held before Magistrate Bloom on 07/10/02. AUSA Nicolas Bourtin present. Deft present w/counsel Stephen Mahler. Defendant informed of rights. Deft arraigned. Detention hearing held; Deft released on $25,000 bond. Preliminary hearing waived. Tape # 02/269 (1577-2225) [ 1:02-m -908 ] (Frullo, Veronica) Modified on 07/11/2002 (Entered: 07/11/2002) |
| 07/10/2002 | 3 | BOND entered by Kawan Dabney in Amount $ 25,000. Conditions of release: deft must remain in and may not leave New York City or the EDNY; deft shall avoid all contact and not associate with John Watson a/k/a "Jay"; deft shall surrender any and all passports and shall not apply for any other passport; deft must report to PTS by telephone once a week. (Signed by Magistrate Lois Bloom, dated 07/10/02) [ 1:02-m -908 ] (Frullo, Veronica) (Entered: 07/11/2002) |
| 07/10/2002 | 4 | CJA 23 FINANCIAL AFFIDAVIT by Kawan Dabney [ 1:02-m -908 ] (Frullo, Veronica) (Entered: 07/11/2002) |
| 07/10/2002 | 5 | CJA 20 as to Kawan Dabney : Appointment of Attorney Stephen R. Mahler (Signed by Deputy Clerk, Dated 07/10/02) [ 1:02-m -908 ] (Frullo, Veronica) (Entered: 07/11/2002) |
| 08/07/2002 | 7 | CALENDAR ENTRY as to Kawan Dabney ; Case called before Magistrate Steven M. Gold on date of 8/7/02 for Order of Excludable Delay thru 9/4/02.AUSA Colleen Cavanaugh. Tape # 02/198 (1156-1284), Extending Time to Indict [ 1:02-m -908 ] (Perez, Kassandra) (Entered: 08/07/2002) |
| 08/29/2002 | 11 | CALENDAR ENTRY as to Kawan Dabney, John Watson; Case called on date of 8.29.02 for grand jury presentment, handed up and filed. (Noh, Kenneth) (Entered: 09/03/2002) |
| 08/29/2002 | 12 | INDICTMENT as to Kawan Dabney (1) count(s) 1, 2, 3, John Watson (2) count(s) 1, 2, 3. (Noh, Kenneth) (Entered: 09/03/2002) |
| 08/29/2002 | | Magistrate Pollak has been selected by random selection to handle any matters that may be referred in this case. (Noh, Kenneth) (Entered: 09/03/2002) |
| 08/29/2002 | | ** Added Government Attorney Scott B. Klugman (Noh, Kenneth) (Entered: 09/03/2002) |
| 09/11/2002 | 13 | CALENDAR ENTRY as to Kawan Dabney, John Watson; Case called before Magistrate Lois Bloom on date of 9.11.02 for arraignment. AUSA Scott Klugman & dfts present. Dfts plead Not Guilty: Kawan Dabney (1) count(s) 1, 2, 3, John Watson (2) count(s) 1, 2, 3 . Tape #02/218(200-268). (Noh, Kenneth) (Entered: 09/11/2002) |
| 10/29/2002 | 15 | ORDER as to Kawan Dabney, the status conference scheduled for 10/18/02 is adjourned to 11/22/02 @ 11am with time excluded from speedy trial for plea negotiations. (Signed by Chief Judge Edward R. Korman on 10/26/02). (Noh, Kenneth) (Entered: 10/29/2002) |

| 07/18/2003 | 33 | Minute Entry for proceedings held before Edward R. Korman :Sentencing held on 7/18/2003 for Kawan Dabney (1), Count(s) 1, 46 months imprisonment; 3 years supervised release; $100 special assessment. AUSA Nic Bourtin for Scott Klugman. Dft present with counsel Stephen Mahler. ESR Valentin. Remaining open counts are dismissed on govt's motion. Dft waived right to appeal in plea agreement. Dft remanded. Court finds factual basis for and accepts plea. Court adopts Mag R&R. Separation order from David Ryan. (Noh, Kenneth) (Entered: 10/23/2003) |
|---|---|---|
| 07/25/2003 | 29 | U.S. Probation Department Sentence recommendation as to Kawan Dabney. (Noh, Kenneth) (Entered: 07/25/2003) |
| 07/25/2003 | 30 | TRANSCRIPT of Proceedings as to Kawan Dabney held on 7/18/03 before Judge USDJ Edward R. Korman for sentencing. For the govt: AUSA Nicolas Bourtin. For the dft: Stephen R. Mahler. Audio Operator: W. Valentin & A. Dandridge. Court Transcriber: Elizabeth Barron. (Noh, Kenneth) (Entered: 07/25/2003) |
| 10/23/2003 | 34 | JUDGMENT as to Kawan Dabney (1), Count(s) 1, 46 months imprisonment. The court requests separation from co-dft David Ryan; 3 years supervised release; $100 special assessment; Count(s) 2, 3, Dismissed on government's motion. Signed by Judge Edward R. Korman on 7/18/03. C/m. (Noh, Kenneth) (Entered: 10/23/2003) |
| 11/14/2006 | 36 | ORDER TRANSFERRING JURISDICTION as to Kawan Dabney to the United States District Court for the District of Delaware . Ordered by Judge Edward R. Korman on 4/17/06. ORDER ACCEPTING JURISDICTION to the District of Delaware signed by U.S. District Judge Joseph J. Farnan on 5/18/06 (Greene, Donna) (Entered: 11/28/2006) |

REDACTED

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER (Tran. Court)<br>02-CR-1036-01 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court)<br>CR06-52 JJF |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Kawan Dabney | Eastern District New York | Brooklyn |
| | NAME OF SENTENCING JUDGE | |
| | The Honorable Edward R. Korman | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 4/7/06 — TO 4/6/09 |

| OFFENSE |
|---|
| Conspiracy to Import Cocaine. |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 4 2006 ★
BROOKLYN OFFICE

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ EASTERN _____ DISTRICT OF _____ NEW YORK _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ District of Delaware _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

4/17/06
_____ Date _____

_____ Edward R. Korman _____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF _____ DELAWARE _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

A TRUE COPY
DATED: 4/28/06
ROBERT C. HEINEMANN
CLERK
BY _____
DEPUTY CLERK

5/18/06
_____ Effective Date _____

_____ Joseph J. Farnan _____
United States District Judge

EB:SBK
F. #2002R01494

KORMAN, CH. J.

POLLAK, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KAWAN DABNEY and
JOHN WATSON,
also known as "Jay,"

    Defendants.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

CR No. 02 1036
(T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(B)(ii)(II),
952(a), 960(a)(1),
960(b)(2)(B)(ii) and
963; T. 18, U.S.C.,
§§ 2 and 3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE

In or about and between September 16, 2001 and November 22, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KAWAN DABNEY and JOHN WATSON, also known as "Jay," together with others, did knowingly and intentionally conspire to import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more, in violation of Section 952(a) of Title 21 of the United States Code.

(Title 21, United States Code, Sections 960(a)(1), 960(b)(2)(B)(ii) and 963; Title 18, United States Code, Sections 3551 et seq.)

A TRUE COPY
ATTEST
DATED 11/28/06   20......
ROBERT C. HEINEMANN
BY.................... CLERK
DEPUTY CLERK

2

## COUNT TWO

On or about September 16, 2001, within the Eastern District of New York and elsewhere, the defendants KAWAN DABNEY and JOHN WATSON, also known as "Jay," did knowingly and intentionally import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE

On or about September 16, 2001, within the Eastern District of New York, the defendants KAWAN DABNEY and JOHN WATSON, also known as "Jay," did knowingly and intentionally possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, in an amount of 500 grams or more.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

ALAN VINEGRAD
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

No. _ _ _ _ _ _ _ _

FORM DBD.34
JUN.85

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

THE UNITED STATES OF AMERICA

vs.

KAWAN DABNEY and
JOHN WATSON,
also known as "Jay,"

Defendants.

## INDICTMENT

Cr. No.
T.21 U.S.C., §§ 841(a)(1), 841(b)(1)(B)(ii)(II),
952(a), 960(a)(1), 960(b)(2)(B)(ii) and 963;
T. 18 U.S.C., 2 and 3551 et seq.;

A true bill.

_____
                Foreman

Filed in open court this _____ day.
of _____ A.D. 19 _____

_____
                  Clerk

Bail, $ _____

SCOTT KLUGMAN, AUSA  (718) 254-6461

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| -vs- | (FOR OFFENSES COMMITTED ON OR AFTER NOVEMBER 1, 1987) |

KAWAN DABNEY        CASE NO.: CR-02-1036
                    COUNSEL: STEPHEN MAHLER

THE DEFENDANT:
X   pleaded guilty to count(s)  ONE AS AMENDED OF INDICTMENT
___ was found guilty on count(s) _____
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title/Section | Nature of Offense | Date concluded | Count # |
|---|---|---|---|
| 21:960 | CONSP TO IMPORT COCAINE | 11/22/01 | 1 |

The deft is sentenced as provided in pgs. 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The deft has been found not guilty on cts. _____ and is discharged as to such cts.
X   Count(s) RMG is/are dismissed on motion of A.U.S.A.
X   It is ordered that the deft shall pay a special assessment of $ 100.00 for count(s) ONE.

IT IS FURTHER ORDERED that the deft shall notify the U.S. attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defts S.S. No.    5073             JULY 18, 2003
                                   Date of imposition of sentence

Defts D.O.B.      78               [signature]

Defts USM No:  61218-053           Signature of Judicial Officer

Defts residence address:           EDWARD R. KORMAN, U.S.D.J.
                                   Name/Title of Judicial Officer

CUSTODY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.       A TRUE COPY ATTEST
★ OCT 23 2003                      ★ DATED 11/28/06
                                   ROBERT C. HEINEMANN
P.M.                                         CLERK
TIME A.M.                          BY _____
                                   Deputy Clerk

34

Deft:       KAWAN DA████        Judgment -Page ██ ░ 4
Case Number:  CR-0██1036

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: FORTY-SIX (46) MONTHS.

__X__  The Court makes the following recommendations to the Bureau of Prisons:

THE COURT REQUESTS SEPARATION FROM CO-DEFT DAVID RYAN.

__X__  The defendant is remanded to the custody of the U.S. Marshal.
____   The defendant shall surrender to the U.S. Marshal for this district.
       ____ at _____ on _____.
       ____ as notified by the U.S. Marshal.

_____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ____ by _____.
       ____ as notified by the U.S. Marshal.
       ____ as notified by the Probation Office.

## RETURN

I have executed this judgment as follows: _____

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
                                    United States Marshal

                                    _____
                                    By           Deputy Marshal

Deft: KAWAN DABNEY               Judgment -Page    of  4
Case Number:  CR-0   1036

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  THREE (3) YRS.  .

### ADDITIONAL CONDITIONS:

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state , or local crime.

The defendant shall not illegally possess a controlled substance.

For offenses committed on or after September 13, 1994:

   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

\_\_ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm as defined in 18 U.S.C. Section 921.

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth above.
The defendant shall comply with the standard conditions that have been adopted by this court(set forth below).  The defendant shall also comply with the additional conditions set forth above.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol;

8) the defendant shall not frequent places where controlled substance are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement